NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTURO ROSALES VERDIN, | No.   22-55335 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-06821-JLS-SP |
| v. | |
| BRYAN D. PHILLIPS, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
For the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted September 11, 2024**
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Arturo Rosales Verdin appeals the district court's denial of his 28 U.S.C.
§ 2254 habeas petition challenging his state first-degree and attempted murder
convictions. Verdin argues that the California state court erred in admitting
statements he made during an August 2007 interrogation because he had invoked his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

right to remain silent under *Miranda v. Arizona*, 384 U.S. 436 (1966). Because the state court's decision to admit those statements was neither contrary to, nor an unreasonable application of, clearly established federal law, we affirm.

"We review de novo the district court's decision to grant or deny a petition for writ of habeas corpus." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a federal court may grant a writ of habeas corpus only if the state court's adjudication (1) "was contrary to clearly established federal law as determined by the Supreme Court," (2) "involved an unreasonable application of such law," or (3) "was based on an unreasonable determination of the facts in light of the record before the state court." *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018) (quoting *Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011)).

In August 2007, Detective Sica interviewed Verdin in connection with a murder investigation. Because of Verdin's limited English, Detective Barron was present to serve as a translator. Verdin concedes that he voluntarily waived his right to silence at the beginning of the interview. But midway through the interview, Verdin stated, "I'm not gonna answer you anything anymore"—and then immediately added "I want to talk more with the compa [his co-defendant]." Verdin claims that his first statement was an unambiguous invocation of his right to silence after being questioned by Detective Sica.

2

The California Court of Appeal disagreed. It held that Verdin's statement was ambiguous because it could "reasonably be viewed as an expression of frustration or animosity toward Detective Barron," and not a statement directed toward his interrogating officer, Detective Sica. The court noted that this interpretation was supported by Verdin's pre-statement conduct, namely his growing hostility toward Detective Barron, who earlier questioned Verdin's masculinity. It further observed that Verdin's statement was an immediate response to Detective Barron's statement that he should "answer." Verdin then filed this habeas petition.

1. Verdin argues that the California Court of Appeal's determination is contrary to *Jones v. Harrington*, 829 F.3d 1128 (9th Cir. 2016). This argument fails in two respects. First, under AEDPA, we may grant a habeas petition only if the state court's determination contravenes Supreme Court precedent, not circuit precedent, so *Jones* does not control. *See* 28 U.S.C. § 2254(d)(1); *see also Murray*, 882 F.3d at 801 ("[O]ur determination of clearly-established law under AEDPA must ultimately rest on a Supreme Court holding.").

Second, in any event, *Jones* is factually distinguishable, so its interpretation of Supreme Court precedent is inapplicable to this case. In *Jones*, the California Court of Appeal held that the defendant's clear invocation of his right to silence was "made ambiguous by statements he made *later* in the interrogation." 829 F.3d at 1136. Our court concluded that this determination was contrary to Supreme Court

3

precedent holding that "an accused's post request responses to further interrogation may not be used to cast doubt on the clarity of his initial request[.]"  *Id.* at 1138 (citing *Smith v. Illinois*, 469 U.S. 91, 92 (1984)).  However, here, the California Court of Appeal found that Verdin's attempted invocation was ambiguous in and of itself and did not rely on Verdin's later statements to find his initial statement ambiguous.[1]

2. Next, Verdin contends that the California Court of Appeal misapplied *Rhode Island v. Innis*, 446 U.S. 291 (1980).  In *Innis*, the Supreme Court held that an individual in custody who has invoked his right to remain silent cannot be subject to subsequent "interrogation," meaning "any words or actions" by police that "the police should know are reasonably likely to elicit an incriminating response."  *Id.* at 301.  After Verdin purportedly invoked his right to silence, Detective Sica said, "that's a mistake."  Verdin contends that statement violated his *Miranda* rights because it sought to elicit an incriminating response.

*Innis* is inapposite because that case involved a defendant who unambiguously invoked his right to remain silent.  In contrast, here, Verdin received his *Miranda* rights, waived them, and did not reassert them through an unambiguous invocation.

---

[1] Verdin also argues that the state court erred by relying only on California state authorities and failing to discuss any federal authorities in its opinion.  But AEDPA only requires that the state court's decision not be inconsistent with Supreme Court precedent, not that the decision affirmatively discuss applicable federal law.  *See Williams v. Taylor*, 529 U.S. 362, 383 (2000).

4

Detective Sica was thus permitted to interrogate Verdin, and the California Court of Appeal did not unreasonably apply *Innis* by finding that interrogation permissible.

3. Finally, Verdin argues that the California Court of Appeal failed to recognize a violation of his *Miranda* rights when he was not given the opportunity to speak with his co-defendant, Antonio Martinez. Verdin suggests that his request to speak with his co-defendant, like a request for counsel, should have been construed as a *per se* invocation of his Fifth Amendment rights that required an end to interrogation. But Verdin cites no Supreme Court authority in support of that proposition, and *Miranda* does not suggest that a request to speak with non-lawyers is an invocation of the right to silence. *Cf. Fare v. Michael C.*, 442 U.S. 707, 719 (1979) (request to speak with a probation officer did not invoke Fifth Amendment rights). The California Court of Appeal thus did not unreasonably apply federal law by not recognizing a *Miranda* violation in this respect.

**AFFIRMED.**